IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO CORTEZ BUCKLEY,

    Plaintiff,                    No. CIV S-00-1486 LKK JFM P

    vs.

ROBERT PRESLEY, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 20, 2006, August 25, 2006 and September 25, 2006, plaintiff filed three documents concerning various events that have occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. In the first two filings, plaintiff seeks judicial intervention.

        To the extent plaintiff seeks preliminary injunctive relief, plaintiff is advised that the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750,

1

754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

As a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).[1]

Plaintiff alleges, *inter alia*, that he was falsely charged with threatening staff at Corcoran and that prison officials at Corcoran have taken personal and legal property from him ("about 100 pounds" of property).  Those claims are not part of the underlying complaint in this action and, therefore, will not be given a hearing on the merits at trial.  Further, the claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at Corcoran who are not defendants in this action.  See footnote 1, supra.  The record before this court shows that plaintiff has been able to access the court by filing the above-referenced documents, and plaintiff admits that he was allowed to review his legal materials on August 21, 2006 to prepare for trial and file a motion.  (August 25, 2006 request at 3.)  In addition, plaintiff timely filed his pretrial statement.  For these reasons, plaintiff's requests for judicial intervention should be denied.

In accordance with the above, it is hereby recommended that plaintiff's July 20, 2006 and August 25, 2006 requests for judicial intervention be denied.

These findings and recommendations are submitted to the United States District

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; buck1486.den